IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CESSANADAKHA JAHISH ISRAEL            PLAINTIFF

v.            Case No. 4:24-cv-00038-KGB

DUANE EDWARD FENNER, *et al*.            DEFENDANTS

**ORDER**

Before the Court is plaintiff CessanadaKha Jahish Israel's[1] motion to proceed *in forma pauperis* (Dkt. No. 2). Mr. Israel filed this *pro se* complaint on January 18, 2024, against his father Duane Fenner, multiple other members of his family, Fayetteville Juvenile Court Judge Williams, multiple members of the Arkansas Division of Correction ("ADC"), various other defendants, and 127 unnamed Doe defendants (Dkt. No. 1).

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This provision is frequently referred to as the "three strikes rule."

Prior to filing this lawsuit on January 18, 2024, Mr. Israel filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted. *See Fenner v. Great Britain*, Case No. 4:07-cv-686-SWW (E.D. Ark.); *Fenner v. Bush, et al.*, Case No. 4:08-cv-4164-BRW (E.D. Ark.); *Israel v. Harris, et al.*, Case. No. 2:20-cv-193-JM (E.D. Ark.). Nevertheless,

---

[1] A docket search of plaintiff CessanadaKha Jahish Israel's records by his Arkansas Division of Correction number 127315 reveals that he is also known as Jason E. Fenner.

Mr. Israel may proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule.  *See* 28 U.S.C. § 1915(g) (providing that three strikers should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

In his complaint, Mr. Israel alleges that he has been sexually abused by both family members and ADC staff throughout his life, from the time he was 10 months old until July 2023 (Dkt. No. 1, at 1-2).  He also alleges that the ADC has prevented him from filing a grievance that is more than three days old (Dkt. No. 1, at 6).  However, Mr. Israel has made no allegation that he is in imminent danger of serious physical injury at the time of the filing of his complaint.  Accordingly, the imminent danger exception does not apply, and Mr. Israel may not proceed *in forma pauperis* in this action.  *Dilworth*, 147 F.3d at 717.

For these reasons, the Court dismisses this case due to Mr. Israel's failure to pay the filing fee.  Mr. Israel has 30 days to reopen this case by paying the $405.00 filing fee in full and by filing a written motion with the Court to reopen this case.

There are two additional pending motions in this case.  On March 15, 2024, Mr. Israel filed a motion for subpoena (Dkt. No. 5).  Given that the Court dismisses without prejudice this case, the Court denies this motion for subpoena as moot.

On March 25, 2024, Mr. Israel filed a motion for an emergency injunction (Dkt. No. 6).  In his motion, Mr. Israel states that ADC staff have taken away his asthma medications, including his inhaler, and that if he has an asthma attack without his inhaler he could die before prison staff notice (*Id.*, at 2).  This claim asserted in his motion for emergency injunction was not a part of Mr.

Israel's complaint filed in this action. This claim addresses a separate issue. Further, Mr. Israel acknowledges that he has not completed the internal prison grievance process with regard to this claim (*Id.*, at 2-3). Mr. Israel attached a grievance to this motion, but the attached grievance is not related to asthma medications (*Id.*, at 5). The PLRA states that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C § 1997e(a). For these reasons, the Court therefore denies Mr. Israel's motion for emergency injunction (Dkt. No. 6).

It is therefore ordered that:

1. Mr. Israel's complaint is dismissed without prejudice (Dkt. No. 1).

2. Mr. Israel's motion to proceed *in forma pauperis* is denied (Dkt. No. 2).

3. Mr. Israel's motion for subpoena is denied (Dkt. No. 5).

4. Mr. Israel's motion for emergency injunction is denied (Dkt. No. 6).

5. Mr. Israel has 30 days from the date of this Order in which to reopen this case by paying the $405.00 filing fee in full and by filing a written motion with the Court to reopen this case.

6. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

It is so ordered this the 12th day of April, 2024.

Kristine G. Baker
Chief United States District Judge